IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

06 FEB 10 PM 2:55

WILLIAM B. GUTHRIE, CLERK

BY_____ /s/
DEPUTY CLERK

| | |
|---|---|
| JAMES L. COOMBS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WILLIAM E. IORIO, JOHN C. IORIO, )<br>THE IORIO FAMILY TRUST, GEORGE G. )<br>ZOLLER, DILIP R. LIMAYE and )<br>IRA M. LUBERT )<br>)<br>Defendant(s). ) | Case No. _____<br><br>CIV06-060-SH<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff James L. Coombs, through his undersigned counsel, and for his causes of action against the Defendants alleges and states:

### PARTIES

1.  James L. Coombs ("Coombs") is a resident of the County of Okmulgee, State of Oklahoma.

2.  William E. Iorio is or was the Chairman and Managing Director, President and Chief Executive Officer of Intesco Global Energy, L.L.C. ("Intesco"), a Delaware limited liability company.

3.  John C. Iorio is or was the Vice President, General Counsel and Chief Administrative Officer of Intesco. William E. Iorio and John C. Iorio are collectively referred to in this Complaint as the "Officer Defendants."

4.  The Iorio Family Trust is or was the owner of thirty percent (30%) of the membership interest of Intesco.

consent given
#4120

5. George G. Zoller is or was the owner of twenty percent (20%) of the membership interest of Intesco.

6. Dilip R. Limaye is or was the owner of twenty percent (20%) of the membership interest of Intesco.

7. Ira M. Lubert is or was the owner of thirty percent (30%) of the membership interest of Intesco. The Iorio Family Trust, George G. Zoller, Dilip R. Limaye and Ira M. Lubert are collectively referred to in this Complaint as the "Owner Defendants."

## VENUE AND JURISDICTION

8. This Court has jurisdiction over these claims under 28 U.S.C. § 1332 because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. The Officer Defendants and the Owner Defendants conducted business in this State and District by, among other things:

    (a) negotiating for the acquisition of AGC Manufacturing Services, Inc, a manufacturing business located in Wagoner County, Oklahoma;

    (b) conducting due diligence investigations and other work in furtherance of the acquisition of AGC Manufacturing Services;

    (c) hiring agents and contractors in this State for the purpose of conducting due diligence investigations and other work in furtherance of the acquisition of AGC Manufacturing Services;

    (d) negotiating with another company located in Tulsa, Oklahoma, for the acquisition of valuable contracts and technology; and

    (e) hiring agents and contractors in this State for the purpose of conducting due diligence investigations and other work in furtherance of the acquisition of such contracts and technology.

10. Both of the Officer Defendants and some of the Owner Defendants physically traveled to this State and District to negotiate for the acquisition of AGC Manufacturing Services and for the acquisition of other valuable contracts and technology.

11. Venue is appropriate in this District because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Oklahoma and because the Defendants are subject to personal jurisdiction in this District. 28 U.S.C. § 1391 (a)

## ALLEGATIONS

12. On May 26, 2004, Coombs filed suit against Intesco in the District Court for Tulsa County, Oklahoma, alleging that Intesco tortiously interfered with Coombs' contractual and business relations by inducing Coombs' employer to demote him and then to terminate him on February 13, 2004.

13. On December 14, 2004, the Tulsa District Court found that Intesco was liable to Coombs for tortious interference with contracts and for tortious interference with prospective business relations and entered judgment accordingly on December 15, 2004.

14. On August 5, 2005, the Tulsa District Court awarded Coombs a judgment against Intesco in the amount of $2,175,905.00 in compensatory and punitive damages (the "Judgment").

15. The Officer Defendants and the Owner Defendants used Intesco as a dummy or sham company by, among other things:

    (a) negotiating for the acquisition of AGC Manufacturing Services first in the name of O'Brien Energy Services Company ("O'Brien") and then in the name of Intesco Global Partners, LLC and O'Brien, jointly, and then in the name of Intesco, when in fact none of those companies or entities had the resources, ability or legal capacity to consummate the purchase;

    (b) executing an agreement for the purchase of AGC Manufacturing Services in the name of Intesco when in fact it had not yet been formed and did not then exist as a legal entity;

3

(c) incurring obligations in the name of Intesco far in excess of its ability to pay or satisfy;

(d) failing to observe the formalities attendant to the formation and internal governance of Intesco as a legal entity; and

(e) conducting and transacting business in this State in the name of Intesco, but failing to register Intesco as a foreign limited liability company in the State of Oklahoma, failing to appoint the Secretary of State as its agent for the service of process and failing to pay the required fees therefor.

16. The Officer Defendants and the Owner Defendants:

(a) caused Intesco to have no real and substantial independent existence or business purpose separate from their own;

(b) failed to capitalize Intesco in a manner consistent with the amount of obligations which they caused it to incur;

(c) withheld funds from Intesco causing it to be unable to pay its debts as they came due; and

(d) made Intesco totally financially dependent upon themselves for financial support.

17. The Officer Defendants and the Owner Defendants falsely portrayed Intesco as a viable and credit-worthy company, when in fact Intesco had no assets or capital of its own, and was insolvent, and incurred debts within this State and District which it did not pay and was merely the pawn and instrumentality of the Officer Defendants and the Owner Defendants thereby creating and perpetuating fraud and injustice upon the Plaintiff and others.

18. The Officer Defendants and the Owner Defendants actively directed or had knowledge of and acquiesced in or ratified and confirmed the actions which Intesco took and upon which its liability under the Judgment is based.

## FIRST CLAIM FOR RELIEF

### Alter Ego

19. The Plaintiff adopts and re-alleges the allegations contained in Paragraphs 1 through 18 hereof.

20. At all times relevant hereto, Intesco was merely the alter ego of, and the agent and instrumentality of, the Officer Defendants and the Owner Defendants.

21. The Officer Defendants and the Owner Defendants should be held liable, jointly and severally, for Intesco's liability under the Judgment.

## SECOND CLAIM FOR RELIEF

### Piercing of Limited Liability Company Veil

22. The Plaintiff adopts and re-alleges the allegations contained in Paragraphs 1 through 18 hereof.

23. The separate existence of Intesco should be ignored and the limited liability aspect of its purported legal existence should be pierced to the end that the Officer Defendants and the Owner Defendants should be held liable, jointly and severally, for Intesco's liability under the Judgment.

WHEREFORE, premises considered, the Plaintiff James L. Coombs prays that the Court enter money judgment against the Defendants William E. Iorio, John C. Iorio, The Iorio Family Trust, George G. Zoller, Dilip R. Limaye and Ira M. Lubert in the amount of $2,175,905.00, together with interest thereon as allowed by law, costs accrued and accruing, a reasonable attorneys' fee and such other relief, both legal and equitable, to which he may be entitled.

Respectfully submitted,

**ELLER AND DETRICH,**
A Professional Corporation

By: _____
James C. Hodges, OBA #4254
Shanann Pinkham Passley, OBA #13603
Rebecca Wood Hunter, OBA #19487
2727 East 21st Street
Suite 200, Midway Building
Tulsa, Oklahoma 74114
(918) 747-8900
(918) 747-2665 - facsimile

**ATTORNEYS FOR PLAINTIFF
JAMES L. COOMBS**

I:\Coombs, James L\v. Intesco\Pleadings\Complaint-final.doc