# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES L. COOMBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-060-SPS |
| | ) | |
| WILLIAM E. IORIO and THE IORIO | ) | |
| FAMILY TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER REGARDING
## SERVICE OF PROCESS ON THE DEFENDANTS

In this diversity action, the Plaintiff James L. Coombs sued the Defendants William E. Iorio, John C. Iorio, the Iorio Family Trust, George G. Zoller, Dilip R. Limaye and Ira M. Lubert to collect on a judgment obtained against Intesco Global Energy, L.L.C. He obtained service on Zoller, Limaye, Lubert and John C. Iorio, but eventually dismissed those parties without prejudice after they raised challenges to the exercise of *in personam* jurisdiction by this Court. *See* Docket Nos. 14, 18, 32, 72, 115, 116. The Plaintiff was unable to serve William E. Iorio and the Iorio Family Trust until July 2007, and has since been unable to obtain proper proof of service. The Court granted a number of extensions pursuant to Fed. R. Civ. P. 4(m), but finally ordered the Plaintiff to show cause why the action should not be dismissed. *See* Docket No. 141. For the reasons discussed below, the Court finds that the Defendants have been served and that the action should therefore not be dismissed.

The Plaintiff filed suit on February 10, 2006. He attempted to serve William E. Iorio and the Iorio Family Trust (of which the former is trustee) in the United States, but eventually discovered that William E. Iorio had moved to Kuwait. The Plaintiff then

obtained foreign service pursuant to Fed. R. Civ. P. 4(f) by following the procedure set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Articles 1-31, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (hereinafter referred to as the "Hague Convention"). This resulted in service upon the Iorio Family Trust on July 8, 2007, and upon William E. Iorio personally on an unspecified date the same month. But proof of service was not made in accordance with the Hague Convention, *i. e.*, instead of original certificates of service, the Plaintiff received: (a) a faxed letter from the Undersecretary of the Kuwaiti Ministry of Justice with a copy of a certificate indicating service upon the Iorio Family Trust (via its trustee, William Iorio) at the Al Jazeera Consultant Building in Sharq, Kuwait, on July 8, 2007, *see* Docket No. 142, Ex. B; and, (b) a faxed letter from the Undersecretary of the Kuwaiti Ministry of Justice dated July 14, 2007, indicating service upon William E. Iorio personally. *See* Docket No. 142, Ex. A. The Plaintiff tried for some time to obtain the original certificates of service contemplated by the Convention from the Undersecretary of the Kuwaiti Ministry of Justice, but now concedes he will in all likelihood be unable to do so.

"Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). Foreign service made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[,]" *i. e.*, pursuant to the provisions of Fed. R. Civ. P. 4(f)(1), must be proved "as provided in the applicable treaty or convention[.]" Fed. R. Civ. P. 4(l)(2)(A). However, "[f]ailure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(l)(3).

The Hague Convention is an international treaty that applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *See* Hague Convention, Article 1. *See also Mones v. Commerical Bank of Kuwait, S.A.K.*, 502 F. Supp. 2d 363, 366 (S.D. N.Y. 2007) (noting that Kuwait became a signatory to the Hague Convention in 2002). Its purpose "is to provide a simplified way to serve process abroad, to assure that defendants sued in foreign jurisdictions receive actual and timely notice of suit, and to facilitate proof of service abroad." *Marschauser v. Travelers Indemnity Co.*, 145 F.R.D. 605, 607 (S.D. Fla. 1992), *citing Volkswagenwerk A.G. v. Schlunk*, 486 U.S. 694, 698 (1988). "[C]ompliance . . . is mandatory when serving a foreign defendant in a signatory country." *Shenouda v. Mehanna*, 203 F.R.D. 166, 170 (D. N.J. 2001), *citing Schlunk*, 486 U.S. at 699. *See also Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 534 n.15 (1987); *Eli Lilly and Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 470 (D. N.J. 1998).

The Plaintiff has complied with all of the pertinent provisions of the Hague Convention in effecting service upon William E. Iorio and the Iorio Family Trust. As the exhibits submitted by the Plaintiff reflect, *see* Docket No. 142, Ex. Nos. C & D, his attorney forwarded duplicate copies of the required documents along with copies of the complaint and the summonses, *see* Hague Convention, Article 3 ("The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention . . . The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate."); *see also*

*Marschauser*, 145 F.R.D. at 608-09 (finding a private attorney "authorized to serve process in the domestic action qualifies as a 'competent authority' under [Article 3 of] the Convention") [citation omitted], to the agency designated as the Central Authority for service of process, *i. e.*, the Kuwaiti Ministry of Justice. *See* Hague Convention, Article 2 (requiring signatory countries to "designate a Central Authority which will undertake to receive requests for service" from parties abroad). *See generally Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1389 (8th Cir. 1995) ("The annexed model specifies forms for a Request for Service Abroad of Judicial or Extrajudicial Documents, a Certificate of service on the reverse of the request, a Summary of the Document to be Served, and a cover sheet for the documents.") [internal quotation marks omitted]. The Kuwaiti Ministry of Justice evidently found everything to be in order, *see* Hague Convention, Article 4 ("If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request."), as it proceeded to serve William E. Iorio and the Iorio Family Trust. *See* Hague Convention, Article 5 ("The Central Authority . . . shall itself serve the document or shall arrange to have it served by an appropriate agency . . . by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or . . . by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.").

The only non-compliance with the procedure prescribed by the Hague Convention in this case was the failure to obtain original certificates of service. *See* Hague Service Convention, Article 6 ("The Central Authority . . . shall complete a certificate in the form of

the model annexed to the present Convention. The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service. . . . The certificate shall be forwarded directly to the applicant."). This was not the Plaintiff's fault; on the contrary, the Plaintiff made good faith efforts to fully comply with the Hague Convention (including repeated attempts to obtain the proper certificates of service from the Kuwaiti Ministry of Justice), and the record reflects that William E. Iorio and the Iorio Family Trust were actually served. Consequently, the failure to provide proof of service by obtaining original certificates of service does not invalidate service of process in this case. *See, e. g., Fox v. Regie Nationale des Usines Renault*, 103 F.R.D. 453, 455 (W.D. Tenn. 1984) ("The information relating to the place at which the documentation was served . . . was not filled in. The Court will not fault the plaintiff for this omission."). *See also Greene v. Le Dorze*, 1998 WL 158632, at *3 (N.D. Tex. Mar. 24, 1998) ("Greene's attempt to serve Defendant's under the Hague Convention was more than just a 'good faith' effort. She followed the Convention to the letter. . . . The fact that the French authorities made a mistake . . . does not render service ineffective.") [unpublished opinion]. As the *Fox* court observed:

> Under Fed. R. Civ. P. 4[(l)(3)], failure to make proof of service does not affect the validity of the service. . . . Even though the Hague Convention is a self-executing treaty, and thus is the law of the land, its terms should be viewed as complementary to the provisions of Rule 4. The Hague Convention carefully articulates the procedure which a litigant must follow in order to perfect service abroad, but it does not prescribe the procedure for the forum Court to follow should an element of the procedure fail. Rule 4 stresses actual notice, rather than strict formalism. There is no indication from the language of the

>Hague Convention that it was intended to supercede this general and flexible scheme, particularly where no injustice or prejudice is likely to result to the party located abroad, or to the interests of the affected signatory country.

103 F.R.D. at 455 [internal citations omitted]. *See also Pochop v. Toyota Motor Co., Ltd.*, 111 F.R.D. 464, 467 (S.D. Miss. 1986). The Court therefore finds that William E. Iorio and the Iorio Family Trust have been served and must answer the Plaintiff's First Amended Complaint [Docket No. 129] herein.

In summary, the Court finds that the Plaintiff accomplished proper service of process upon the Defendants William E. Iorio and the Iorio Family Trust in accordance with the provisions of the Hague Convention. The Plaintiff's failure to provide proof of service in accordance therewith does not invalidate such service. Consequently, the Court finds that the Plaintiff has shown cause why the action should not be dismissed. The Plaintiff is hereby directed to serve said Defendants with a copy of this opinion and order, after which they shall have twenty (20) days to respond to the First Amended Complaint [Docket No. 129].

**IT IS SO ORDERED** this 28th day of August, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**